Not for Publication

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD GREISBERG,<br><br>*Plaintiff*,<br><br>v.<br><br>BOSTON SCIENTIFIC CORPORATION,<br><br>*Defendant*. | Civil Action No. 19-12646<br><br>**OPINION** |

## John Michael Vazquez, U.S.D.J.

*Pro se* Plaintiff Richard Greisberg sues Defendant Boston Scientific Corporation ("Boston Scientific") for, as best as the Court can discern, an alleged failure to warn Plaintiff about the risks associated with a certain medical device. Currently pending before the Court is Plaintiff's motion to remand, D.E. 6, and Defendant's motion to dismiss, D.E. 3. The Court reviewed the parties' submissions and decided the motions without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the following reasons, the Court **DENIES** Plaintiff's motion to remand and **GRANTS** Defendant's motion to dismiss.

## I. BACKGROUND[1]

In or around 2002, a Greenfield Vena Cava Filter (the "Filter")[2] was implanted into Plaintiff's heart. D.E. 1-2, Ex. A. Sometime thereafter, the Filter began to tilt, which caused it to penetrate the wall of Plaintiff's heart, thus making Plaintiff's other organs vulnerable to damage. *Id.* As a result, Plaintiff has suffered "severe cardiac chest pain, severe muscle and back pain, and abdominal pain." *Id.* Plaintiff claims that Defendant "has never acknowledged . . . that [the Filter] can cause harm or death," and that "[t]here has never been a recall, or word or warning to the registered end user[s] or the doctors actually implanting the device" concerning the possibility of a "failed device" *Id.* Accordingly, Plaintiff alleges that Defendant was "criminally negligent [by] not releasing a single word to [Plaintiff]" about the dangers of the Filter. *Id.*

Plaintiff filed his Complaint against Defendant in New Jersey Superior Court on April 15, 2019. *Id.* Defendant thereafter timely removed the case to this Court. D.E. 1. Defendant then moved to dismiss the Complaint, D.E. 3, which Plaintiff opposed, D.E. 6, and Defendant replied, D.E. 8. Plaintiff also moved to remand the case, D.E. 6, which Defendant opposed. D.E. 7.

---

[1] When reviewing a motion to dismiss, the Court accepts as true all well-pleaded facts in Plaintiff's Complaint ("Compl."). *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Additionally, a district court may consider "exhibits attached to the complaint and matters of public record" as well as "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

[2] Plaintiff describes the Filter as an "IVC [inferior vena ava] filter from Boston Scientific." *Id.* Defendant's motion to dismiss further explains that the Filter is a Greenfield Vena Cava Filter, which "is a permanently implanted device designed to protect against pulmonary embolism while maintaining the patency of the inferior vena cava." D.E. 3-1, Def.'s Br. at 5, 7.

## II. STANDARD OF REVIEW

### A. Motion to Remand

The federal removal statute provides as follows:

> Except as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Federal district courts have subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States[.]" 28 U.S.C. § 1332(a). Generally, defendants are required to file a notice of removal within thirty days of receiving the initial pleading. 28 U.S.C. § 1446(b)(1). However, when it is not evident from the face of the initial pleading that the case is removable, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

When an action is removed by a defendant, a plaintiff may challenge the removal by moving to remand the case. 28 U.S.C. § 1447. The two grounds for remand are "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). A motion to remand based on a defect in the removal process "must be made within 30 days after the filing of the notice of removal under section 1446(a)," 28 U.S.C. § 1447(c), but "a motion to remand based on lack of subject matter jurisdiction may be made at any time before final judgment." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1212-13 (3d Cir. 1991) (citing 28 U.S.C. § 1447(c)).

"[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). A district court "must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties about the current state of controlling substantive law in favor of the plaintiff." *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990). Removal statutes are strictly construed against removal and all doubts are resolved in favor of remand. *See Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004); *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992).

### B. Motion to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do

4

not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

Moreover, because Plaintiff is proceeding *pro se*, the Court construes the Complaint liberally and holds it to a less stringent standard than papers filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

## III. LAW AND ANALYSIS

### A. Motion to Remand

Defendant timely removed this case on May 17, 2019. D.E. 1. Plaintiff thereafter moved to remand the case on May 28, 2019. D.E. 6. Plaintiff does not assert that the Court lacks subject matter jurisdiction or that there was a procedural defect with Defendant's removal. Rather, Plaintiff appears to assert that remand is proper because "[i]t would be difficult to be a regular participant in a trial in Newark, NJ. It is too far from [Plaintiff's support] system." D.E. 6. Moreover, Plaintiff asserts that he lives in close proximity to the state courthouse in which he originally brought his complaint. *Id.* Plaintiff's basis for remand is legally insufficient.

Plaintiff does not argue that there was a procedural defect with Defendant's removal. Defendant was served on April 26, 2019 and thereafter timely removed this action on May 17, 2019. D.E. 1-1, ¶¶ 4, 6. Additionally, there exists subject matter jurisdiction because there is diversity of citizenship and the amount in controversy exceeds $75,000. Plaintiff is a citizen of New Jersey, and Defendant is a Delaware corporation with its principal place of business in Massachusetts. D.E. 1-1, ¶ 5. Moreover, the Complaint states that cases such as Plaintiff's "fall into the 1.2 million [range] for non[-]penetrating filters to 4 or 5 million for [filters] that do

5

penetrate[.]" D.E. 1-2.³ The Court therefore has subject matter jurisdiction. As such, Defendant's removal was proper. Because Plaintiff has not set forth a legal basis for this Court to remand, Plaintiff's motion to remand is denied.

### B. Motion to Dismiss

It is unclear from Plaintiff's pleading what claims he is asserting. Plaintiff appears to allege that Defendant committed "criminal negligence" as a result of Defendant's alleged failure to warn Plaintiff of the risks associated with the implantation of the Filter. As such, the Court construes Plaintiff's claim as one for failure to warn. Moreover, because Defendant also analyzes a potential claim based on a design defect, the Court does the same.

As an initial matter, Plaintiff fails to assert his claim under the New Jersey Products Liability Act (NJPLA), N.J.S.A. 2A:58C-1, *et seq*. The NJPLA states that:

> A manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it: [(1)] deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or [(2)] failed to contain adequate warnings or instructions, or [(3)] was designed in a defective manner.

N.J.S.A. 2A:58C-2. Furthermore, the NJPLA "'establishe[s] the sole method to prosecute a product liability action[,]' and after its enactment, 'only a single product liability action remains.'" *Kury v. Abbott Laboratories, Inc.*, No. 11-803, 2012 WL 124026, at *3 (D.N.J. Jan. 17, 2012) (quoting *Tirrell v. Navistar Int'l, Inc.*, 248 N.J. Super. 390, 398-99 (App. Div.), *certif. denied*, 126

---

³ In his motion to remand, Plaintiff states that he "asked [Defendant] for [$]700,000" and that "even though some of the paperwork suggests [that he] asked for 4-5 million[,] that is untrue[,] [a]lthough [Plaintiff] believe[s] it is worth more." D.E. 6. Accordingly, the Court construes Plaintiff's request for damages as exceeding $75,000.

6

N.J. 390 (1991). As explained by the Third Circuit, the NJPLA "effectively creates an exclusive statutory cause of action for claims falling within its purview." *Repola v. Morbark Indus., Inc.*, 934 F.2d 483, 492 (3d Cir. 1991) (explaining that "the NJPLA generally subsumes common law product liability claims, thus establishing itself as the sole basis of relief under New Jersey law available to consumers injured by a defective product"); *see also Walters v. Carson*, No. 11-6545, 2012 WL 6595732, at *2 (D.N.J. Dec. 17, 2012) ("It is well established in this Circuit that the PLA creates an 'exclusive statutory cause of action' for products liability claims asserted under New Jersey law."). Here, to the extent Plaintiff's claim sounds in negligence, it is subsumed by the NJPLA. Plaintiff's failure to bring his claim under the NJPLA would generally be "a fatal pleading deficiency," *Walters*, 2012 WL 6595732, at *2, however, because Plaintiff is proceeding *pro se*, the Court will construe Plaintiff's negligence claim under the NJPLA.

Even so, Plaintiff fails to state a claim for failure to warn. The NJPLA states as follows:

> In any product liability action the manufacturer or seller shall not be liable for harm caused by a failure to warn if the product contains an adequate warning or instruction or, in the case of dangers a manufacturer or seller discovers or reasonably should discover after the product leaves its control, if the manufacturer or seller provides an adequate warning or instruction.

N.J.S.A. 2A:58C-4. Moreover, the NJPLA explains an adequate product warning as follows:

> An adequate product warning or instruction is one that a reasonably prudent person in the same or similar circumstances would have provided with respect to the danger and that communicates adequate information on the dangers and safe use of the product, taking into account the characteristics of, and the ordinary knowledge common to, the persons by whom the product is intended to be used, or in the case of prescription drugs, taking into account the characteristics of, and the ordinary knowledge common to, the prescribing physician.

*Id.* Importantly, the NJPLA also makes clear that:

> If the warning or instruction given in connection with a drug or device or food or food additive has been approved or prescribed by

7

> the federal Food and Drug Administration under the "Federal Food, Drug, and Cosmetic Act," 52 Stat. 1040, 21 U.S.C. § 301 *et seq*. or the "Public Health Service Act," 58 Stat. 682, 42 U.S.C. § 201 *et seq.*, a rebuttable presumption shall arise that the warning or instruction is adequate.

*Id.* In other words, "[u]nder New Jersey law, '[d]efendants who comply with FDA requirements are granted a rebuttable presumption that the labeling is adequate.'" *Chester v. Boston Sci. Corp.*, No. 16-02421, 2017 WL 751424, at *11 (D.N.J. Feb. 27, 2017) (quoting *Cornett v. Johnson & Johnson*, 48 A.3d 1041, 1055 (N.J. 2012), *abrogated on other grounds by McCarrell v. Hoffmann-La Roche, Inc.*, 153 A.3d 207 (N.J. 2017)). "To overcome this presumption, a plaintiff asserting a failure to warn claim based on an inadequate label or instructions has stricter pleading requirements. A plaintiff must plead specific facts alleging 'deliberate concealment or nondisclosure of after-acquired knowledge of harmful effects,' or 'manipulation of the post-market regulatory process[.]'" *Cornett*, 48 A.3d at 1056 (internal citations omitted).

Here, Plaintiff appears to concede that the Filter contained warnings related to movement ("tilt"), migration, and penetration. *See* D.E. 3-3, at 9; *see also* D.E. 6 (Plaintiff admitting that "the FDA gets the same warnings and concerns the doctor gets in the instruction booklet that comes with the [F]ilter"). Moreover, it appears that the Filter has been subject to FDA regulation and approval. *See* D.E. 3-4. Therefore, a rebuttable presumption arises under the NJPLA that the Filter's warning or instruction was adequate. Because Plaintiff fails to plead specific facts alleging "deliberate concealment or nondisclosure of after-acquired knowledge of harmful effects" or "manipulation of the post-market regulatory process," *see Cornett*, 48 A.3d at 1056, Plaintiff fails

to overcome the NJPLA's presumption. Accordingly, Plaintiff's claim for failure to warn is not adequately alleged. As a result, the claim is dismissed.[4]

Plaintiff also fails to sufficiently plead a design defect claim.[5] "For a design defect, plaintiff must assert that the product could have been designed more safely and present under a risk-utility analysis the existence of an alternative design that is both practical and feasible." *Mendez v. Shah*, 28 F. Supp. 3d 282, 297-98 (D.N.J. 2014) (citing *Lewis v. American Cyanamid Co.*, 155 N.J. 544, 715 A.2d 967, 980 (1998)). "A plaintiff may pursue a design defect claim by contending that [the product's] risk outweighs its harm, or that an alternate design exists." *Id.* (citing *Schraeder v. Demilec (USA) LLC*, No. 12-6074, 2013 WL 5770670, at *2 (D.N.J. Oct. 22, 2013) ("A plaintiff must prove either that the product's risks outweighed its utility or that the product could have been designed in an alternative manner so as to minimize or eliminate the risk of harm.")). Here, Plaintiff does not allege facts indicating that the Filter's risks outweighed its utility or that the Filter could have been alternatively designed. Accordingly, the Court dismisses Plaintiff's claim to the extent he is asserting a claim for design defect.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**, and Defendant's motion to dismiss is **GRANTED**. When dismissing a case brought by a *pro se* plaintiff, a court must decide whether the dismissal will be with prejudice or without prejudice, the latter of which

---

[4] Because neither party raises the issue, the Court does not address whether Plaintiff's NJPLA claim is preempted by the Medical Device Amendments ("MDA") to the Federal Food, Drug, and Cosmetic Act ("FDCA").

[5] While unclear from Plaintiff's unconventional pleadings, Defendant – "[i]n an abundance of caution" – has chosen to address an allegation for design defect. However, Defendant does note, and the Court tends to agree, that "[t]he fact that [Defendant] is unable to determine whether Plaintiff intends to plead a design defect claim is further support in favor of dismissal as a complaint must give clear notice of its allegations against a defendant." D.E. 3-1, at 13 n.4.

affords a plaintiff with leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-11 (3d Cir. 2002). The district court may deny leave to amend only if (a) the moving party's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the non-moving party, or (b) the amendment would be futile. *Adams v. Gould, Inc.*, 739 F.2d 858, 864 (3d Cir. 1984). Because Plaintiff is proceeding *pro se* and this is the Court's initial screening, the Court will provide Plaintiff with one additional opportunity to file an amended complaint. Therefore, the Court provides Plaintiff thirty (30) days to file an amended complaint that cures the deficiencies set forth herein. If Plaintiff is proceeding pursuant to a legal theory other than those discussed herein, he must set forth the basis for his claim and provide plausible factual allegations to support the claim. If Plaintiff does not submit an amended complaint curing these deficiencies within thirty (30) days, the dismissal will be with prejudice. An appropriate Order accompanies this Opinion.

Dated: January 17th, 2020

John Michael Vazquez, U.S.D.J.